1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK J. BOOTH,                    No.  1:24-cv-00697 GSA (PC)

12              Plaintiff,                 ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
13         v.
                                           ORDER RECOMMENDING MATTER BE
14   TYSON POUGE,                          DISMISSED FOR FAILURE TO OBEY
                                           COURT ORDERS
15              Defendant.
                                           Fed. R. Civ. P. 41(b); L.R. 110
16
                                           (See ECF Nos. 5, 7)
17
                                           PLAINTIFF'S OBJECTIONS DUE **AUGUST
18                                         29, 2024**

19

20         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

21   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

22   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23         For the reasons stated below the undersigned will recommend that this matter be

24   dismissed for failure to obey court orders.  Plaintiff shall have fourteen days to file objections.

25         I.      RELEVANT FACTS

26         On June 7, 2024, Plaintiff's complaint was docketed in the Sacramento Division.  ECF

27   No. 1.  At that time, Plaintiff did not file an application to proceed in forma pauperis, nor did he

28   pay the filing fee in full as required by statute.  See 28 U.S.C. §§ 1914, 1915.

1

1  Shortly thereafter, the matter was transferred to this division (ECF No. 3).  Thereafter on

2  June 17, 2024, Plaintiff was ordered either to complete an application to proceed in forma

3  pauperis and submit a copy of his six-month prisoner trust fund account statement or pay the

4  filing fee in full (ECF No. 5).  He was given thirty days to do so.  Id. at 2.  The thirty days passed

5  and Plaintiff has done neither, nor has he requested an extension of time.    As result, on July 25,

6  2024, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to

7  obey a court order.  ECF No. 7.  Plaintiff was also informed in that order that in lieu of filing the

8  showing of cause, he could either file an in forma pauperis application with the six-month trust

9  account statement or pay the filing fee in full.  Id. at 2.  He was given fourteen days to respond to

10  the Court's order.  More than fourteen days have passed and Plaintiff has not filed a showing of

11  cause, nor paid the filing fee or submitted the documents needed for him to proceed in forma

12  pauperis.  Plaintiff has not responded to either of the Court's orders.

13  II.    DISCUSSION[1]

14  Litigants must pay all required filing fees or receive permission under 28 U.S.C. § 1915 to

15  proceed in forma pauperis before their complaints are filed.  Ford v. Johnson, 362 F.3d 395, 398

16  (7th Cir. 2004); see 28 U.S.C. § 1914(a).  An action may proceed without the prepayment of a

17  filing fee only upon a proper application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914,

---

[1]  The five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.) cert. denied 479 U.S. 829 (1986) and Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) that are typically considered when dismissal for failure to obey a court order or failure to prosecute are not considered in this order.  This is because the Court is not *required* to do so.  See Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024) (citation omitted) (stating not required to recite and individually discuss factors if record permits independent determination of abuse of discretion); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered [the five] factors [in Thompson and Henderson] . . . .");.see also Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (stating same and referencing Ferdik, 963 F.2d at 1261).
The record in this case makes the application of the five factors so clear, that no extended discussion of them is necessary in this case.  See, e.g., Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding same); Transamerica Life Ins. Co., 93 F.4th at 1146-47 (citing Connecticut General Life Ins. Co.) ("It suffices if the district court's analysis, considered in the context of the record as a whole, permits us 'independently to determine if the district court has abused its discretion' in light of these factors.").

1  1915(a).

2        As stated above, Plaintiff has neither paid the filing fee, completed an application to

3  proceed in forma pauperis, nor submitted a six-month prisoner trust fund account statement as the

4  law requires.  In addition, Plaintiff has not filed a showing in support of why this matter should

5  not be dismissed.  As a result, this matter cannot proceed.  For these reasons the undersigned will

6  recommend that this matter be dismissed for failure to obey court orders.

7        Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

8  District Judge to this action.

9        IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

10  for failure to obey court orders.  See Fed. R. Civ. P. 41(b); L.R. 110.

11        These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations – **by August 29, 2024,** – Plaintiff

14  may file written objections with the Court.  Such a document should be captioned "Objections to

15  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

16  served and filed within fourteen days after service of the objections.  Plaintiff is advised that

17  failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20

21  IT IS SO ORDERED.

22    Dated:   **August 15, 2024**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

3