**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TYSON POUGE,<br><br>　　　　Defendant. | Case No.: 1:24-cv-0697 JLT GSA<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, WITH ADDITIONAL FINDINGS<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 9) |

　　　　Patrick Booth seeks to hold the defendants liable for violations of his civil rights while housed at Madera County Jail. (*See generally* Doc. 1.) However, Plaintiff did not pay the filing fee when he filed his complaint. Therefore, the Court ordered Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis* within 45 days. (Doc. 5.) After Plaintiff failed to pay the filing fee or otherwise respond to the Court's order, the magistrate judge issued an order directing Plaintiff to show cause why the action should not be dismissed. (Doc. 7.) Again, Plaintiff did not respond.

　　　　On August 16, 2024, the magistrate judge recommended "this matter be dismissed for failure to obey court orders." (Doc. 9 at 3.) The Court served the Findings and Recommendations upon Plaintiff at the address of record. The U.S. Postal Service returned the mail on August 26, 2024, marked "Undeliverable, Not in Custody." To date, Plaintiff has not responded to the Court's prior orders or notified the Court of a proper mailing address.

1

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the record clearly supports the finding that Plaintiff failed to comply with the Court's orders.  However, prior to recommending dismissal, the magistrate judge declined to address the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).  The magistrate judge indicated the factors were not discussed "because the Court is not *required* to do so," and the Ninth Circuit could independently review the record if needed to determine the factors were satisfied.  (Doc. 9 at 2, n.1, citing *e.g.*, *Conn. Gen. Life Ins. Co. v. New Images of Beverley* Hills, 482 F.3d 1031, 1096 (9th Cir. 2007), *Transamerica Life Ins. Co.*, 93 F.4th 1146-47 (9th Cir. 2024) [emphasis in original].)  Importantly, the Ninth Circuit has expressed a reference for the district court to perform such analysis.  *See, e.g., Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza,* 291 F.3d 639, 641 (9th Cir. 2002) (observing that "explicitly addressing the relevant factors when contemplating dismissal" is "the preferred practice"); Given the Ninth Circuit's expressed preference and instructions, the Court makes additional findings to determine whether dismissal is appropriate.[1]

To determine whether to impose terminating sanctions, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal of an action for failure to comply with the court's local rules and failure to prosecute); *see also Ferdik*, 963 F.2d 1261.  The Court may dismiss an action when "at least four

---

[1] This is consistent with district courts throughout the Ninth Circuit, which have regularly addressed the factors identified by the Court prior to dismissing an action for failure to comply with a court order, failure to pay the filing fee, and/or failure to prosecute. *See, e.g., Borhan v. McKesson*, 2024 WL 3818431, at *1-2 (E.D. Cal. Aug. 14, 2024) (finding the record supported the magistrate judge's determination that the plaintiff failed to comply with the court's orders and failed to prosecute the case, and independently considering the factors to prior to dismissing the action); *Booker v. Lee*, 2024 WL 3886091, at *1-2 (C.D. Cal. Aug. 20, 2024) (evaluating whether it was appropriate to sua sponte dismiss the action after the plaintiff failed to comply with the court's order and failure to prosecute the action); *Funn v. O'Malley*, 2024 WL 3759733, at *1-2 (D.Haw. Aug. 12, 2024) (addressing the factors to determine whether dismissal was appropriate where the plaintiff failed to pay the filing fee); *Jones v. Oceanside Police Dep't*, 2022 WL 1104797, at *1-2 (S.D. Cal. Apr. 13, 2022) (weighing the five factors to prior to dismissing the action without prejudice where the plaintiff failed to comply with an order to pay the filing fee or submit an application to proceed in forma pauperis).

factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted).

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Adriana In't Corp. v. Lewis & Co.,* 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions"); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik,* 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The Court will not hold this case in abeyance, particularly now that it is also faced with an inability to communicate with Plaintiff.

Next, the Court must determine whether the defendants suffer prejudice by examining "whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Hernandez*, 138 F.3d at 400-401; *Clear Channel Ent./Televisa Music Corp. v. Mex. Musical, Inc.*, 252 Fed. App'x 779, 781 (9th Cir. 2007). Any defendant would also suffer prejudice due to the inability to contact Plaintiff and engage in discovery. Thus, this factor also supports dismissal.

Further, the Court must consider the imposition of lesser sanctions. A court's warning to a party that an action—or inaction— could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal as the result of a violation of a court order. *Malone*, 833 F.2d at 133. In the order directing Plaintiff to pay the filing fee or complete an application to proceed *in forma pauperis*, the Court informed Plaintiff that failure to comply may result in a dismissal. (*See* Doc. 5 at 2.) Plaintiff received a second warning in the order to show cause that the action may be dismissed if he failed to comply with the Court's order. (*See* Doc. 7 at 2-3.) Notably, the Court need only warn a party once that the matter could be dismissed to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Moreover, no lesser sanction than termination without prejudice is feasible because the action cannot proceed

without payment of the Court' Plaintiff's failure to pay the filing fee.  *See United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000) (identifying dismissal without prejudice as a "lesser sanction" than dismissal with prejudice).

Finally, the policy favoring disposition of claims on the merits is outweighed by the four factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n. 2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").  Thus, the **ORDERS**:

1. The Findings and Recommendations dated August 16, 2024 (Doc. 9) are **ADOPTED**, with the above additional findings.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **November 11, 2024**

UNITED STATES DISTRICT JUDGE